**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
CLIFFORD PALM

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> DONALD F. NEUHAUS, et al., ) <br> ) <br> ) <br> DEFENDANTS. ) <br> _____) | CR.-S-07-00366-GEB <br><br> STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE TO MARCH 21, 2008 |

Plaintiff United States of America, by its counsel, Assistant United States Attorneys, Mr. Matthew C. Stegman and Mr. Ken Melikian , and defendant Kimberly Snowden by her attorney Mr. Scott Tedmon, defendant Robert Eberle by his attorney Mr. Patrick K. Hanley, defendant Barbara Eberle by her attorney Mr. William J. Portanova, defendant Robert Koppel by his attorney Mr. Christopher H. Wing, defendant Mark Wolok by his attorney Mr. Robert J. Peters and defendant Clifford Palm, by his attorney James R. Greiner, hereby stipulate and agree that the status conference calendared for **Friday, January 11, 2008, at 9:00 a.m.** before the Honorable Chief United States District Court Judge, Garland E. Burrell, Jr., may be continued to **Friday, March 21, 2008, at 9:00 a.m.**

1

The Court's courtroom deputy, Ms. Shani Furstenau, was been contacted to ensure the Court's calendar was available for that date and the Court is available on Friday, March 21, 2008.

All of the defendants are out of custody on pre-trial release conditions. There is no trial date set.

## STATUS OF THE CASE

On August 22, 2007, the government filed a twenty-six count Indictment along with allegations of forfeiture against eight original defendants: Donald Neuhaus; Kimberly Snowden, Robert Eberle, Barabra Eberle, Clifford Palm, Robert Koppel, David Goldenberg and Mark Wolok. The defendants potentially face up to twenty (20) years, or in some cases potentially more, in Federal prison, potentially a fine of $250,000, or in some cases potentially more or both and potentially three (3) years of supervised release.

Two significant and critical developments regarding the number of defendants in the case have occurred since the last status hearing in open court on September 21, 2007 (see docket entry #81). Defendant Donald Neuhaus and defendant David Goldenberg have both passed away. The government has declined the defense request to dismiss the case against the remaining defendants in light of the deaths of these two defendants.

The deaths of the two defendants has to date and will continue to significantly and critically affect the case from the defense prospective on many levels, including but not limited to the following: 1-investigation of the case; 2-preparation of the case for all aspects of the case (including but not limited to potential case resolution short of trial, pre-trial evaluation of legal issues for the filing of pre-trial motions, all aspects of trial preparation, a reevaluation of the potential need for consultants and a reevaluation of the potential need for the use of potential experts should the case

proceed to trial, a reevaluation of all potential sentencing issues); 3-the reevaluation of the need to evaluate the discovery in the case from different aspects than prior to the deaths of the two defendants.

The deaths of the two defendants has caused each defense counsel to do a re-evaluation of the case to date and to re-evaluate the potential issues that have now arisen in the case to date. This fact of the two deaths of the defendants will significantly effect the remainder of the duration of the total case.

The discovery to date is by all accounts voluminous and complex (as this Court has previously determined. See docket entry #81). There are a number of interested parties in various legal proceedings that have been and will continue to be consulted with during the remaining duration of the case for various reasons. All of the counsel have been working in good faith and have been very reasonable in attempting to determine the universe of discovery . To date, with all counsels assistance, the universe of discovery is approximately the following: 1-over approximately 65-70 banker boxes full of documents which is in the process of being counted, copied and then distributed to defense counsel; 2-CD's containing discovery produced by the government containing approximately 8,500 pages; 3-four computers and one computer file server with information regarding the various businesses allegedly involved in the allegations brought by the government which the defense is in the process of determining the most cost efficient way of obtaining mirror copies of to review (these are in the possession of the court appointed receiver in the civil case brought by the SEC against various defendants, whose office is in Dallas, Texas); 4- along with corporate books and office files of various defendants and other individual (which are also located at the receiver's office in Dallas, Texas).

The defense and the government have been working diligently regarding gathering the universe of discovery in this case. This is challenging work  since documents are in various locations (Oakland at the IRS office, Sacramento at the U.S.

Attorneys office, and Dallas, Texas, where the receiver has client files, computers and the computer server and other corporate files and documents of the businesses alleged to have been involved in this action). However, with the good faith and diligence of all counsel for all parties in the various legal proceedings, this challenging work is proceeding at a reasonable and diligent pace to ensure all of the concerns of all of the parties in the various legal proceedings are being considered and met.

In addition, there are various governmental agencies and court appointed receivers in the case along with numerous attorneys representing numerous parties (the U.S. Attorneys office, the IRS, the SEC, the SEC lawyers, the court-appointed receiver, the court appointed receivers attorneys, the attorneys for each defendant in the criminal case) which are being dealt with on all levels of this case.

The potential witnesses that the defense has been able to determine based upon the defense's ongoing review of the voluminous discovery to date appear to be located in approximately 20-25 states all across the United States. From the on going review of the voluminous discovery to date, these appear to be the alleged investors. At this time it is not known by the defense what, if any, other potential leads or potential witnesses may be developed from the investigation of these people located in the approximately 20-25 states. The defense believes it is reasonable that some potential additional leads and/or potential witnesses will be developed during the investigation process.

Also, as the defense reviews the voluminous discovery in the case, defense counsel are diligently re-evaluating the case for every aspect to ensure effective representation of the defendants from every aspect.

The defense is diligently reviewing the voluminous discovery produced to date and diligently working with the government and other interested parties to ensure that the defense has obtain the entire universe of discovery for effective representation of the defendants. The defense is mindful of each defense attorney's obligations and

| | |
|---|---|
| 1 | responsibilities under Strickland v.United States in representing the individual |
| 2 | defendants in this case. |

The Court, based upon the record made by all counsel at the September 21, 2007 status hearing (see Docket Entry # 81), found and declared this case to be complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2. The parties stipulate and agree that the case continues to be complex as defined under the Speedy Trial Act Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, and by this stipulation request the Court to continue to find the case to be complex as defined under the Speedy Trial Act and Local Code T-2. Based upon the record made on September 21, 2007 and this status of the case, the parties agree and stipulate the Court has a sufficient factual basis to continue to make the same findings as it did on September 21, 2007 regarding the complexity of the case and the need for additional time to prepare for all counsel.

The parties stipulate and agree that time under the Speedy Trial Act shall continue be excluded **up to and including Friday, March 21, 2008, under** the Speedy Trial Act under Local Code T-2 (**complexity of case**) and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and Local Code T-4 (**time for defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

Respectfully submitted,

McGREGOR W. SCOTT
UNITED STATES ATTORNEY

/s/ Matthew C. Stegman by e mail authorization

DATED: 1-07-08 _____
Matthew C. Stegman
Ken Melikian
ASSISTANT UNITED STATES ATTORNEYS
ATTORNEYS FOR THE PLAINTIFF

| | |
|---|---|
| DATED: 1-07-08 | /s/ Scott Tedmon  by e mail  authorization |
| | _____ |
| | Scott Tedmon<br>Attorney for Defendant<br>Kimberly Snowden |
| DATED: 1-07-08 | /s/ Patrick K. Hanley by e mail authorization |
| | _____ |
| | Patrick K. Hanley<br>Attorney for Defendant<br>Robert Eberle |
| DATED 1-07-08 | /s/ William J. Portanova by e mail authorization |
| | _____ |
| | William J. Portanova<br>Attorney for Defendant<br>Barbara Eberle |
| DATED: 1-07-08 | /s/ Christopher H. Wing by e mail authorization |
| | _____ |
| | Christopher H. Wing<br>Attorney for Defendant<br>Robert Koppel |
| DATED: 1-07-08 | /s/ Robert J. Peters  by e mail authorization |
| | _____ |
| | Robert J. Peters<br>Attorney for Defendant<br>Mark Wolok |
| DATED: 1-07-08 | /s/ James R. Greiner |
| | _____ |
| | James R. Greiner<br>Attorney for Defendant<br>Clifford Palm |

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: January 10, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge