**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
CLIFFORD PALM

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> DONALD F. NEUHAUS, et al., ) <br> ) <br> DEFENDANTS. ) <br> _____ ) | CR.-S-07-00366-GEB <br><br> STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE TO AUGUST 29, 2008 |

Plaintiff United States of America, by its counsel, Assistant United States Attorneys, Mr. Matthew C. Stegman and Mr. Ken Melikian , and defendant Kimberly Snowden by her attorney Mr. Scott Tedmon, defendant Robert Eberle by his attorney Mr. Patrick K. Hanley, defendant Barbara Eberle by her attorney Mr. William J. Portanova, defendant Robert Koppel by his attorney Mr. Christopher H. Wing, defendant Mark Wolok by his attorney Mr. Robert J. Peters and defendant Clifford Palm, by his attorney James R. Greiner, hereby stipulate and agree that the status conference calendared for **Friday, March 21, 2008, at 9:00 a.m.** before the Honorable Chief United States District Court Judge, Garland E. Burrell, Jr., may be continued to **Friday, August 29, 2008, at 9:00 a.m.**

1

The Court's courtroom deputy, Ms. Shani Furstenau, has been contacted to ensure the Court's calendar was available for that date and the Court is available on Friday, August 29, 2008.

All of the defendants are out of custody on pre-trial release conditions. There is no trial date set. The Court has previously made a finding that this case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or la, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entries # 81 and 101). In addition, this Court determined this case was of such a nature and of such complexity that this Court appointed a Discovery Coordinator to discuss management of discovery. (See Docket Entry # 94).

## STATUS OF THE CASE

On August 22, 2007, the government filed a twenty-six count Indictment along with allegations of forfeiture against eight original defendants: Donald Neuhaus; Kimberly Snowden, Robert Eberle, Barabra Eberle, Clifford Palm, Robert Koppel, David Goldenberg and Mark Wolok. The defendants potentially face up to twenty (20) years, or in some cases potentially more, in Federal prison, potentially a fine of $250,000, or in some cases potentially more or both and potentially three (3) years of supervised release.

On October 19, 2007, this Court issued an Order appointing a discovery coordinator in this case, Ms. Nancy Rutledge. (See Docket Entry # 94) Counsel for the government and the appointed counsel for the defense, James R. Greiner, have been both meeting in person and conferring via telephone and e mail on a regular basis since that date.

1    It is the defendant's position that two significant and critical developments
2 regarding the number of defendants in the case have occurred since the last status
3 hearing in open court on September 21, 2007 (see docket entry #81). Defendant
4 Donald Neuhaus and defendant David Goldenberg have both passed away. The
5 government has declined the defense request to dismiss the case against the
6 remaining defendants in light of the deaths of these two defendants.
7    The defendant's position is that the deaths of the two defendants has to date
8 and will continue to significantly and critically effect the case from the defense
9 prospective on many levels, including but not limited to the following: 1-
10 investigation of the case; 2-preparation of the case for all aspects of the case
11 (including but not limited to potential case resolution short of trial, pre-trial
12 evaluation of legal issues for the filing of pre-trial motions, all aspects of trial
13 preparation, a reevaluation of the potential need for consultants and a reevaluation of
14 the potential need for the use of potential experts should the case proceed to trial, a
15 reevaluation of all potential sentencing issues); 3-the reevaluation of the need to
16 evaluate the discovery in the case from different aspects than prior to the deaths of the
17 two defendants.
18    From the defendant's position in the case, the deaths of the two defendants has
19 caused each defense counsel to do a re-evaluation of the case to date and to re-
20 evaluate the potential issues that have now arisen in the case to date. This fact of the
21 two deaths of the defendants will significantly effect the remainder of the duration of
22 the total case. Defense counsel have continually reevaluated the case in light of the
23 two deaths of the two co-defendants.
24    The discovery to date is by all accounts voluminous and complex (as this Court
25 has previously determined. See docket entries #81 and 101). There are a number of
26 interested parties in various legal proceedings that have been and will continue to be
27 consulted with during the remaining duration of the case for various reasons. All of
28

3

the counsel have been working in good faith and have been very reasonable in attempting to determine the universe of discovery . To date, with all counsel's assistance, the universe of discovery is approximately the following: 1-over approximately 65-70 banker boxes full of documents which is in the process of being counted, copied and then distributed to defense counsel; 2-CD's containing discovery produced by the government containing approximately over 9,100 pages; 3-four computers and one computer file server with information regarding the various businesses allegedly involved in the allegations brought by the government which the defense is in the process of determining the most cost efficient way of obtaining mirror copies of to review (these are in the possession of the court appointed receiver in the civil case brought by the SEC against various defendants, whose office is in Dallas, Texas); 4- along with corporate books and office files of various defendants and other individual (which are also located at the receiver's office in Dallas, Texas); 5- In addition the IRS in Oakland has in its possession computers that require that following external hard drives to copy them onto: One 20 gig drive; two 80 gig drives; one 160 gig drive; two 300.1 gig drives and on 200 gig drives (this relates to thousands of pages of documents just from the computers in the IRS possession and does not account for the computers in the possession of the Receiver in Dallas, Texas).

The defense and the government have been working diligently regarding gathering the universe of discovery in this case. This is challenging work since documents are in various locations (Oakland at the IRS office, Sacramento at the U.S. Attorneys office, and Dallas, Texas, where the receiver has client files, computers and the computer server and other corporate files and documents of the businesses alleged to have been involved in this action). However, with the good faith and diligence of all counsel for all parties in the various legal proceedings, this challenging work is proceeding at a reasonable and diligent pace to ensure all of the concerns of all of the

parties in the various legal proceedings are being considered and met.

Both the government and the appointed lead defense counsel, James R. Greiner, have been diligently working and consulting on a regular basis with the Court appointed Discovery Coordinator, Ms. Nancy Rutledge. This process has been beneficial in the progress to date regarding the discovery.

In addition to consulting with the Court appointed discovery coordinator, all three appointed CJA counsel, through the appointed lead counsel, appointed counsel James R. Greiner, are required to work within the CJA framework and guidelines established by the Office of Defender Services of the Administrative Office of the United States Courts by working with the National Litigation Support Administrator, regarding all aspects of this case. The CJA Guidelines themselves require additional ongoing consultation regarding the totality of this case with the National Litigation Support Administrator. As required by the CJA Act, lead defense counsel has been diligently and on a very regular basis, working within the frame work of the CJA Guidelines and consulting with the National Litigation Support Administrator.

In addition, there are various governmental agencies and court appointed receivers in the case along with numerous attorneys representing numerous parties (the U.S. Attorneys office, the IRS, the SEC, the SEC lawyers, the court-appointed receiver, the court appointed receivers attorneys, the attorneys for each defendant in the criminal case) which are being dealt with on all levels of this case.

Further, pursuant to the framework and guidelines established by the Office of Defender Services of the Administrative Office of the United States Courts, lead defense counsel has been in contact with numerous vendors regarding various aspects of this case as required by the CJA Act. This is an ongoing process that will continue throughout the duration of this case pursuant to the CJA Act.

The potential witnesses that the defense has been able to determine based upon the defense's ongoing review of the voluminous discovery to date appear to be

located in approximately 20-25 states all across the United States. From the on going review of the voluminous discovery to date, these appear to be the alleged investors. At this time it is not known by the defense what, if any, other potential leads or potential witnesses may be developed from the investigation of these people located in the approximately 20-25 states. The defense believes it is reasonable that some potential additional leads and/or potential witnesses will be developed during the investigation process.

Also, as the defense continues to review the voluminous discovery in the case, defense counsel are diligently re-evaluating the case for every aspect to ensure effective representation of the defendants from every aspect.

The defense is diligently reviewing the voluminous discovery produced to date by the United States Attorney's Office (the approximate 9,100 pages of discovery) and diligently working with the government and other interested parties to ensure that the defense has obtained the entire universe of discovery for effective representation of the defendants, pursuant to the Sixth Amendment of the United States Constitution, the Supreme Court's decision in Strickland v. United States. The defense is mindful of each defense attorney's obligations and responsibilities under Strickland v. United States in representing the individual defendants in this case.

In addition, in order to be as efficient as possible, defense counsel, James R. Greiner, has been working diligently with the Ms. Nancy Rutledge, Assistant United States Attorney Mr. Matthew C. Stegman, and vendors in various cities and states obtaining bids for the duplication of the discovery which is in various locations in the United States. This process is time consuming yet deemed to be both prudent and reasonable in obtaining the discovery in a single numbering bate stamped end product for all counsel to use. This will allow both the Court and counsel to be on the same page when any page of discovery is being used for any purpose (if the government references page 50,000, all counsel and the Court will be on the same page 50,000,

whether it is in a status hearing, an detention hearing, a motion evidentiary hearing, an in liminie hearing, at trial during direct and/or cross examination, trial motions, rule 29 motions, post trial motions, and/or any sentencing motions. This is projected to be in the long run a benefit to the Court and all counsel.

The Court, based upon the record made by all counsel at the September 21, 2007, status hearing and the Stipulation and Agreement and Court Order to continue the case signed by this Court on January 11, 2008 (see Docket Entries # 81 and 101), found and declared this case to be complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2. The parties stipulate and agree that the case continues to be complex as defined under the Speedy Trial Act Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, and by this stipulation request the Court to continue to find the case to be complex as defined under the Speedy Trial Act and Local Code T-2. Based upon the record made on September 21, 2007 and the Court Order regarding the Stipulation and Agreement of the parties in this case signed on January 11, 2008 (Docket Entries #81 and 101), the parties agree and stipulate the Court has a sufficient factual basis to continue to make the same findings as it did on both September 21, 2007 and January 11, 2008 (See Docket Entries #81 and 101) regarding the complexity of the case and the need for additional time to prepare for all counsel.

The parties stipulate and agree that time under the Speedy Trial Act shall continue be excluded **up to and including Friday, August 29, 2008, under** the Speedy Trial Act under Local Code T-2 (**complexity of case)** and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and Local Code T-4 (**time for defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

Respectfully submitted,

McGREGOR W. SCOTT
UNITED STATES ATTORNEY

/s/ Matthew C. Stegman by e mail authorization

DATED: 3-18-08

_____
Matthew C. Stegman
Ken Melikian
ASSISTANT UNITED STATES ATTORNEYS
ATTORNEYS FOR THE PLAINTIFF

DATED: 3-18-08

/s/ Scott Tedmon by e mail authorization

_____
Scott Tedmon
Attorney for Defendant
Kimberly Snowden

DATED: 3-18-08   /s/ Patrick K. Hanley by e mail authorization

_____
Patrick K. Hanley
Attorney for Defendant
Robert Eberle

DATED 3-18-08   /s/ William J. Portanova by e mail authorization

_____
William J. Portanova
Attorney for Defendant
Barbara Eberle

DATED: 3-18-08   /s/ Christopher H. Wing by e mail authorization

_____
Christopher H. Wing
Attorney for Defendant
Robert Koppel

DATED: 3-18-08   /s/ Robert J. Peters by e mail authorization

_____
Robert J. Peters
Attorney for Defendant
Mark Wolok

DATED: 3-18-08   /s/ James R. Greiner

_____
James R. Greiner
Attorney for Defendant
Clifford Palm

# ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: March 20, 2008

_/s/ Garland E. Burrell, Jr._
GARLAND E. BURRELL, JR.
United States District Judge

9