Timothy E. Warriner (SB#166128)
Attorney at Law
813 6th St., Suite 450
Sacramento, CA 95814
(916) 443-7141
E MAIL: tew@warrinerlaw.com

ATTORNEY FOR DEFENDANT
ROBERT EBERLE

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.-S-07-00366-GEB |
| ) | |
| PLAINTIFF, ) | STIPULATION AND PROPOSED ORDER TO CONTINUE THE STATUS CONFERENCE TO OCTOBER 15, 2010 |
| ) | |
| v. ) | |
| ) | |
| DONALD F. NEUHAUS, et al., ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Matthew C. Stegman, and defendant Kimberly Snowden by her attorney Mr. Scott Tedmon, defendant Robert Eberle by his attorney Mr. Timothy Warriner, defendant Barbara Eberle by her attorney Mr. Joseph Wiseman, defendant Robert Koppel by his attorney Mr. J. Toney, defendant Mark Wolok by his attorney Mr. Chris Haydn-Myer and defendant Clifford Palm, by his attorney James R. Greiner, hereby stipulate and agree that the status conference calendared for **Friday, September 10, 2010, at 9:00 a.m.** before the Honorable United States District Court Judge, Garland E. Burrell, Jr., may be vacated for the Court's calendar and a new status conference date may be set for **Friday, October 15, 2010, at 9:00 a.m.**

All of the defendants are out of custody on pre-trial release conditions.

There is no trial date set. The Court has previously made a finding that this case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(7)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entries # 81, 101, 105,124, 134). In addition, the Court previously found from the record made with factual support, that time is to be excluded under local code T-4 for the reasonable time necessary for effective preparation by defense counsel pursuant to Title 18 U.S.C. section 3161(h)(7)(B)(iv), of the speedy trial act. (See Docket Entries # 81, 101, 105, 124, 126, 134 and 144)

## STATUS OF THE CASE

On May 25, 2010, Mr. J. Toney was appointed to represent Robert Koppel (See Docket Entry # 152). Counsel for Robert Eberle was appointed on March 26, 2010, and counsel for Barbara Eberle was appointed on January 13, 2010. (See Docket Entries 142 & 147).

The volume of discovery from the vendors in Dallas and Oakland totals approximately 577,000 pages, which the defense has produced to the government, plus an additional approximate 10,000, or so, pages the government has produced to the defense. All of the discovery obtained by CJA defense counsel from Dallas and Oakland was delivered to the government on Thursday, August 27, 2009.

The three new lawyers to the case are beginning their review of the documents in this case, and are arranging for review of imaged documents utilizing necessary computer software.

Now that the documents from Dallas and Oakland have been imaged and forwarded to CJA defense counsel and the government, a significant amount of time will need to be spent: 1- reviewing this voluminous discovery; 2-meeting

with the defendants; 3-meeting and conferring with the defendants while going over the voluminous discovery; 4-CJA defense counsel are in the process of evaluating investigative needs and drafting investigative requests to be submitted to the court. However, defense counsel are waiting until all the appointed lawyers are in the case and have had a reasonable opportunity to review the voluminous discovery, so that meaningful discussions about investigation and sharing of investigation, thus a cost savings to the Court, can be held; 5- CJA defense counsel also are evaluating and considering potential consultants and potential expert witnesses; 6- CJA counsel while reviewing the voluminous discovery and meeting with the defendants are considering potential motions to be filed pre-trial with the Court. Again, since the newly appointed counsel need a reasonable time to review discovery, joint discussions about motions are being deferred.

Based on the record of the case to date and the information contained in the status reports to the Court and contained in the Stipulations, the parties agree and stipulate **to continue this case to Friday, October 15, 2010, at 9:00 a.m. for a further status conference.**

All parties agree and Stipulate that this Court can make the appropriate findings supported by the record in this case that this case is complex pursuant to the Speedy Trial Act, **Title 18 U.S.C. section 3161(h)(7)(B)(ii) and local code T-2,** which allows the Court to make the finding that this case is so unusual or so complex**,** due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entries # 81, 101, 105,124 and 134). In addition, the Court can make a finding from the record in this case, that time shall also be excluded under **local code T**-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and **Title 18 U.S.C. section 3161(h)(7)(B)(iv)**, of the speedy trial act**.** (See

Docket Entries # 81, 101, 105, 124, 126, 134 and 144)

                              Respectfully submitted,

                              BENJAMIN B. WAGNER
                              UNITED STATES ATTORNEY

                              /s/ Matthew C. Stegman by e mail authorization

DATED: 9-9-10
                              _____
                              Matthew C. Stegman
                              ASSISTANT UNITED STATES ATTORNEYS
                              ATTORNEY FOR THE PLAINTIFF

DATED: 9-9-10
                              /s/ Scott Tedmon by email authorization

                              _____
                              Scott Tedmon
                              Attorney for Defendant
                              Kimberly Snowden


DATED: 9-9-10                /s/ Timothy Warriner

                              _____
                              Timothy E. Warriner
                              Attorney for Defendant
                              Robert Eberle

DATED: 9-9-10                /s/ Joseph J. Wiseman by e mail authorization

                              _____
                              Joseph J. Wiseman
                              Attorney for Defendant
                              Barbara Eberle

DATED: 9-9-10                /s/ J. Toney by e mail authorization

                              _____
                              J. Toney
                              Attorney for Defendant
                              Robert Koppel

DATED: 9-9-10                /s/ Chris Hayden-Myer by telephone authorization

                              _____
                              Chris Hayden-Myer
                              Attorney for Defendant
                              Mark Wolok

DATED: 9-9-10                /s/ James R. Greiner by telephone authorization

                              _____
                              James R. Greiner
                              Attorney for Defendant
                              Clifford Palm

## ORDER

Based upon the representations of counsel, the record in this case, and the agreements and stipulations between all counsel in the case, and that

All parties agree and Stipulate that this Court can make the appropriate findings supported by the record in this case that this case is complex pursuant to the Speedy Trial Act, **Title 18 U.S.C. section 3161(h)(7)(B)(ii) and local code T-2,** which allows the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entries # 81, 101, 105,124 and 134). In addition, the Court can make a finding from the record in this case, that time shall also be excluded under **local code T**-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and **Title 18 U.S.C. section 3161(h)(7)(B)(iv)**, of the speedy trial act. (See Docket Entries # 81, 101, 105, 124, 126, 134 and144)

The Status Conference currently set for **Friday, September 10, 2010, is vacated**, and the **new Status Conference is set for Friday, October 15, 2010**, with time excluded under the Speedy Trial Act **from September 10, 2010**, **through to and including Friday, October 15, 2010,** for the reasons agreed to and stipulated by the parties and as stated herein.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: September 9, 2010

_____
**GARLAND E. BURRELL, JR.
United States District Judge**